[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The determinative question in this case is whether the employment security board of review acted unreasonably and arbitrarily in accepting the facts found by an appeals referee CT Page 4691 after hearing evidence in this appeal by an employer from an award of unemployment compensation benefits to its former employee.
The limits on the court's function on such an appeal are spelled out in section 22-9(a) of the Practice Book:
 Such appeals are heard by the court upon the certified copy of the record filed by the board. The court does not retry the facts or hear evidence. It considers no evidence other than that certified to it by the board, and then for the limited purpose of determining whether the finding should be corrected, or whether there was any evidence to support in law the conclusions reached. It cannot review the conclusions of the board when these depend upon the weight of the evidence and the credibility of witnesses.
"It is not [the court's] function to adjudicate questions of fact, nor may it substitute its own conclusions for those of the board." Cervantes v. Administrator, 177 Conn. 132, 134 (1979).
At the same time the court "retains the ultimate obligation to determine whether the administrative action was unreasonable, arbitrary, illegal or an abuse of discretion". (Internal citations omitted.) United Parcel Service. Inc. v. Administrator,209 Conn. 381, 385 (1988). Thus, if the referee's findings, which were adopted by the board, were completely without support in the record certified to the court, the court could find that the administrative action based on those findings was arbitrary and unreasonable. The employer argues that the court should do just that in this case.
The former employee was fired based on an allegation that she made a sexually suggestive remark to a male coworker.[1]
The board agreed that, if proven, such a remark would constitute sexual harassment, without proof of a pattern of such conduct on the former employee's part, and would be grounds for a firing for wilful misconduct. Employees fired for wilful misconduct are not eligible for unemployment compensation. See G.S. § 31-236(a)(2)(B). The appeals referee found that the employer had failed to meet its burden of proving that the offensive remark was made. While the close analysis of the evidence found in the employer's brief indicates that the evidence is susceptible to another evaluation, that is a far cry from concluding that the findings of the referee and the board are so lacking in factual foundation as to make the conclusions CT Page 4692 drawn from the evidence arbitrary and unreasonable.
"(H)eavily fact-weighted" arguments, "aimed at the board's analysis and judgment on factual issues . . . are issues best left exclusively for the administrative factfinder to resolve; they are off limits to the courts." Technical CoatingsLaboratory, Inc. v. Administrator, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. CV 96 559110, pp. 5-6 (November 25, 1997). This court adopts the same principle for this case, in which the administrative factfinding, as it was in the Technical Coatings case, was "exceedingly conscientious and thorough". Id.
Finally, the board relied in part on G.S. § 31-274(c), which provides that the unemployment compensation statutes "shall be construed, interpreted and administered in such a manner as to presume coverage, eligibility and nondisqualification in doubtful cases". While the term, "doubtful", is not defined in the statute, it means in common parlance an outcome that is "open to question" or "uncertain". Merriam-Webster's Collegiate Dictionary, 10th Ed. That is an accurate description of the "she said, he said" controversy which the referee and the board had to resolve here. Therefore, the application of § 31-274(c) to give the former employee the benefit of the doubt harbored by the administrative factfinders was appropriate.
The decision of the board was not arbitrary or unreasonable. The appeal of the employer is dismissed.
BY THE COURT